**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE  DIVISION**

**LUIS FLORES,**

      **Plaintiff,**

**vs.**                          **CASE NO. 4:06CV131-RH/AK**

**G. MESSER,**

      **Defendant.**

_____/

<u>**REPORT AND RECOMMENDATION**</u>

The complaint in this cause was filed on March 16, 2006.  (Doc. 1).  No application for leave to proceed without prepayment of court costs was submitted with the complaint nor was the filing fee paid, so an Order issued requesting the application or fee on or before March 23, 2006.  (Doc. 4).  This Order was initially sent to Plaintiff at the address provided on the complaint, but when it was returned it was re-mailed to the free world address provided on the DOC website.  (Doc. 5).  The Order was again returned as undeliverable and there has been no further communication with the Court.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute.  <u>Link v. Wabash Railroad</u>, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed2d 734

(1962).  Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for

failure to obey a court order.  At present there is no way for the Court to communicate

with the Plaintiff since he has not advised the Court of his current address.

Consequently, this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED**

with prejudice.

**IN CHAMBERS** at Gainesville, Florida, this 1st    day of June, 2006.

**S/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

No. 4:02CV396-SPM/AK